## JOHN HEDGES v. WILLIAM CLARK, FREDERICK LEONARD, and WILLIAM WALKER.

Court of Chancery.   New Castle.   April 19, 1825.

*Ridgely's Notebook IV, 582.*

*McLane* for complainant.

*Wales* and *Rogers* for defendant. . . .

THE CHANCELLOR. William Walker in his answer, and in his deposition, admits that a demand was made of him for payment of this note. John Janvier, the administrator of Clark, in his answer declares that he has no knowledge that a demand was made of Walker, or that Clark had any notice of the non-payment of the note by Walker. Frederick Leonard admits that the note was presented to him for payment. There is no proof that Clark had any notice of the non-payment by Walker. There is no circumstance in this case to admit the answer of Walker to be read against the other defendants, or against any of them. He is not a defendant for form sake, and he is materially concerned in interest. Neither can his deposition be read in evidence.[1]

I perceive no equitable circumstance in this case to bring it before this Court. If the defendants or any of them are bound at law to pay this money to Hedges, he has his remedy at law, and if they are not so liable he cannot recover here, Clark was never fixed at law for the payment of the note, because there is no proof that he had notice of the non-payment by Walker, and neither can he be made to pay the money by this Court. That a demand should be made on the maker of the note, and in case of non-payment, that notice should be given to the indorsers to make them liable, is a positive rule of law, and a court of equity can no more depart from it than a court of law can; and if the

---

[1] Footnote by Ridgely, "1 P.Wms. 300, 596; 2 Ves.Sr. 222; 3 P.Wms. 288; 16 Ves.Jr. 218. As to cases of promissory notes, see 5 Com.Dig. title 'Merchant' (F. 14) p. 84, (F. 15) p. 86; 2 H.Bl. 336, 609, 509; 4 Term 470; Esp.N.P. 50, 51, 56, 57, 58."

plaintiff cannot recover at law on account of neglect, neither can he here, but at all events, as the question is presented to this Court, it is purely a matter of law and is to be decided at law.

The notion of setting off this money, paid by Hedges on this note, against his bonds given to Clark, has probably given rise to this bill; but unless Clark had been made liable for the money mentioned in the note, there could be no ground for a set-off, and I do not see how, on that account the plaintiff could come into equity.

The bill must be dismissed.